UNITED STATES, Appellee

v

GARLAND D. PARKER, Private,
U. S. Army, Appellant

17 USCMA 545, 38 CMR 343

No. 20,805

May 17, 1968

Captain Thomas D. Wise argued the cause for Appellant, Accused. With him on the brief were Colonel Daniel T. Ghent and Captain Anthony F. Cilluffo.

Captain Gibson L. Smith, Jr., argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel David Rarick, Major Edwin P. Wasinger, and Major John F. Webb, Jr.

Opinion of the Court

FERGUSON, Judge:

Arraigned and tried before a general court-martial convened at Fort Gordon, Georgia, the accused pleaded guilty to three specifications of robbery, in violation of Uniform Code of Military Justice, Article 122, 10 USC § 922. He was duly found guilty and sentenced to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for five years, and reduction. The convening authority reduced the period of adjudged confinement to two years but otherwise approved the sentence. The board of review affirmed. We granted accused's petition for review upon the contention that the law officer erred in treating two of the robbery counts as separate for punishment purposes

and whether the sentencing instructions complied with United States v Wheeler, 17 USCMA 274, 38 CMR 72.

I

From the stipulated facts, it appears that the two robberies occurred under the following circumstances. The victims, Privates Marsland and Holmes encountered the accused on a bridge between Augusta, Georgia, and North Augusta, South Carolina. He walked with them toward the Georgia end of the bridge. There, they were joined by Privates McCormick and Duttine. The three men forced Marsland and Holmes to accompany them down a side road. There, Marsland was deprived of his watch and twenty dollars. Immediately thereafter, Private Holmes

**545**

was forced to surrender twenty dollars to the three men.

From the foregoing, it will be seen that the two robberies occurred at the same time and place, and, on this basis, it is urged they were not, as the law officer advised the court below, separately punishable.

We disagree and hold the law officer properly instructed the court that the robberies, though occurring at the same time and place, were separately punishable. We specifically so held in United States v Cooper, 2 USCMA 333, 8 CMR 133, wherein we unanimously declared, at page 338:

"Examining the soundness of the law officer's instructions in these particulars, it is readily apparent that he erred in favor of the accused in stating that the two specifications of Charge I would not support separate maximum sentences. *Patently, these offenses were separate—for they involved wholly distinct robberies of entirely different victims.*" [Emphasis supplied.]

To the same effect is United States v Whited, 26 CMR 623, a well-reasoned board of review decision, as well as a multitude of other authorities. See 22 CJS, Criminal Law, §§ 9(4) and 9(2), wherein the general rule is set out as follows:

"Where an act or omission affects different persons, and the facts may vary as to the persons affected, the act or omission may form the basis of as many charges as there are victims. So, in crimes of violence, or against the person, a single act has been held to constitute a separate offense against each person injured by the act, although there may be but one intent."

So, also, in State v Hoag, 21 NJ 496, 122 A2d 628 (1956), where the evidence showed defendant robbed four persons in a single holdup, it was held each robbery constituted a separate offense, the court declaring, at page 631:

". . . At the very least, putting aside the more subjective element

of placing each of the victims in fear, the crime with which the defendant was charged in each indictment required the commission of a separate and independent act with respect to each victim, i.e., the forcible taking of the victim's property."

And, in People v Lagomarsino, 97 Cal App 2d 92, 217 P2d 124 (1950), at page 129, it was succinctly stated:

". . . The majority, and certainly the better rule, is that there is a separate offense committed against each person robbed. Obviously, a robbery of several persons, where property is removed from each person, involves a separate act and a separate intent toward each victim."

See, also, Thompson v State, 90 Tex Cr 222, 234 SW 400 (1921), and Wilkerson v State, 211 Tenn 32, 362 SW2d 253 (1962), and 22 CJS, supra, § 298.

Appellate defense counsel, pointing to the Supreme Court's decisions in Bell v United States, 349 US 81, 99 L Ed 905, 75 S Ct 620 (1955), and Ladner v United States, 358 US 169, 3 L Ed 2d 199, 79 S Ct 209 (1958), urge upon us the doctrine that accused cannot be punished twice for what amounts to a single act or a single transaction. Aside from the fact that, as noted above, robbery of different victims at the same time does not amount only to a single act or transaction, we believe the cases on which counsel rely are inapplicable here.

Thus, Bell v United States, supra, involved the question whether the defendant might be sentenced to consecutive sentences, based on the simultaneous transportation of two women in interstate commerce for immoral purposes, in violation of the Mann Act, 18 USC § 2421. It was held that the defendant could not be punished twice for a single transportation of two or more women at the same time. In so concluding, Mr. Justice Frankfurter expressed no doubt that Congress could so punish the prohibited act on a "per woman" basis but he added, "The question is: did it do so?"

*Bell*, supra, at page 83. Finding no clear expression of legislative intent on the subject, he found, for the Court, that "the ambiguity should be resolved in favor of lenity." *Id.*, at page 83. In short, the case extends no further than to construe the question of punishment regarding a particular Federal criminal enactment, with no intent to lay down any general principles applicable to the case before us, there being, of course, no ambiguity involved in the well-settled concepts regarding punishment for robbery.

Ladner v United States, supra, is similarly inapplicable here. There, the defendant assaulted two Federal officers by firing a single blast from his shotgun, in violation of then 18 USC § 254. The Court went out of its way to note that "The question for decision is as to the construction to be given former § 254 in the circumstances alleged by the petitioner." *Ladner*, supra, at page 173. Finding the "congressional meaning is plainly open to question on the face of the statute," Mr. Justice Brennan noted "the Court applies a policy of lenity and adopts the less harsh meaning," for "If Congress desires to create multiple offenses from a single act affecting more than one federal officer, Congress can make that meaning clear." *Id.*, at pages 173, 177, 178. In short, the Court once more construed a particular Federal statute punishing a special sort of misconduct in favor of lenity, as it lacked an indication as to what Congress intended in the premises. Neither case has any application to offenses long recognized at common law and by statute as entirely separate when involving different victims. As was stated in Barringer v United States. — F2d — (CA DC Cir) (March 12, 1968, at page 2, slip opinion):

". . . . Elsewhere the Supreme Court has clearly indicated that where the principal legislative purpose is the protection of individual victims, the rule of lenity does not obtain. . . . Since there is no doubt that the robbery statute was designed to safeguard individual citizens from being robbed, we do not think that the District Court was wholly lacking in power to impose consecutive sentences in respect to the robbery charges here."

## II

The remaining assignment of error concerns itself with whether the law officer's instructions on the sentence were sufficient. See United States v Wheeler, supra. The Government concedes the law officer erred in "failing to give the court-martial further explicit guidelines as to the proper factors to be considered in determining an appropriate sentence." It urges, however, that the error was not prejudicial under our decision in United States v Mabry, 17 USCMA 285, 38 CMR 83. But in that case, not only was there little or nothing offered in mitigation and extenuation, but the accused, after being duly convicted of a refusal to go into combat, averred that, if again ordered to do so, he would once more disobey. In light of these and other factors, we concluded no prejudice resulted from the instructional omission.

Here, evidence in extenuation and mitigation was much more substantial, and the court adjudged a sentence extending, among other things, to confinement at hard labor for five years. Under the circumstances, therefore, we cannot say the error did not prejudice accused's substantial rights and, accordingly, remand the case for reassessment of the sentence. United States v Wheeler, supra; United States v Gaines, 17 USCMA 481; 38 CMR 279.

The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Army. The board may reassess the sentence in order to cure the law officer's instructional error or order a rehearing thereon.

Chief Judge QUINN and Judge KILDAY concur.