UNITED STATES, Appellee

v

RONALD C. PETERSON, Private First Class,
U. S. Army, Appellant

17 USCMA 548, 38 CMR 346

No. 20,837

May 17, 1968

*Captain Mark Kessel* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Major Jack G. McKay*.

*Captain Salvatore A. Romano* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick, Major Edwin P. Wasinger, Major John F. Webb, Jr.,* and *Captain R. Kevin McHugh*.

## Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial convened at Camp Martin Cox, Vietnam, the accused pleaded guilty to involuntary manslaughter and five specifications of assault with a dangerous weapon, in violation of Uniform Code of Military Justice, Article 119 and Article 128, 10 USC §§ 919, 928, respectively. He was found guilty and sentenced to bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for five years, and reduction. Pursuant to the terms of a pretrial agreement, the convening authority reduced the term of adjudged imprisonment to two years, but otherwise approved the sentence. The board of review affirmed, and we granted accused's petition for review upon the assertion that his pleas of 548

guilty were rendered improvident inasmuch as they were based upon the erroneous assumption that the offenses alleged were separately punishable when, in fact, they were not.

Basically, the facts indicate accused, engaged in horseplay, threw a fragmentation grenade toward a company shower point. As a result of its impact with the ground, the grenade armed itself and exploded. One soldier was killed, and five others were injured. Based on these facts, appellate defense counsel, relying on Bell v United States, 349 US 81, 99 L Ed 905, 75 S Ct 620 (1955), and Ladner v United States, 358 US 169, 3 L Ed 2d 199, 79 S Ct 209 (1958), urge that, as all injuries resulted from a single grenade explosion, the offenses alleged were not separately punishable, even

though involving violence against different victims.

For the reasons set forth in United States v Parker, 17 USCMA 545, 38 CMR 343, this day decided, we disagree and conclude, in the case of offenses against the person, each homicide and assault against a different victim is a separately punishable crime. The maximum punishment imposable extended, therefore, among other things, to confinement at hard labor for eighteen years. Assuming, then, that multiplicity may affect the providence of guilty pleas, there was no such factor present here.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge KIL-DAY concur.