## UNITED STATES

v.

Private (E–2) Sherman RICHARDSON, Junior, 198–48–4837, U. S. Army, Company D, 75th Support Battalion, First Armored Brigade, Fifth Division (MECH), U. S. Army Training Center, Infantry and Fort Polk, Fort Polk, Louisiana 71459.

### CM 433662.

U. S. Army Court of Military Review.

Sentence Adjudged 8 July 1975.

Decided 25 Nov. 1975.

Appellate counsel for the Accused: CPT John Richards Lee, JAGC; CPT Ronald Lewis Gallant, JAGC; LTC James Kucera, JAGC.

Appellate counsel for the United States: CPT Nancy M. Giorno, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

FELDER, Judge:

The appellant pleaded guilty and was convicted of two specifications of robbery in violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922. The sentence imposed by the military judge consisted of a dishonorable discharge, confinement at hard labor for two years and five months, forfeiture of all pay and allowances and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority reduced the period of confinement to eighteen months and approved the other portions of the sentence.

The conviction resulted from the execution of a plan designed by the appellant, Specialist Four Wooden and Private Washington to rob two trainees on pay day, 31 May 1975, at Fort Polk, Louisiana. The record reflects that the appellant, the driver of a vehicle, and Wooden, a passenger, picked up two trainees under the pretext of selling marihuana to them. As the four occupants proceeded toward North Fort, they picked up Washington, who pretended to be a hitchhiker. They stopped at a sanitary dump where Washington exited the vehicle, fired one shot in the air, pointed the pistol at the other four persons, robbed everyone of their money and left the scene. The appellant, Wooden, and the trainees returned to South Fort where the trainees were released. Afterwards, the appellant and Wooden picked up Washington. The money taken from the trainees was divided between the appellant and Washington.

The staff judge advocate informed the convening authority in the pretrial advice that the maximum imposable punishment included twenty years confinement at hard labor. The military judge decided that the offenses were multiplicious for sentence purposes and ruled the maximum confinement was a total of ten years for both charges.[1] In the posttrial review the staff judge advocate again advised the convening authority the maximum period of confinement was twenty years, without mentioning the ruling on multiplicity by the military judge. A copy of the review was served on the trial defense counsel but was returned without comment. The appellant asserts before this Court that the staff judge advocate erred to his prejudice by misadvising the convening authority the maximum confinement was twenty years after the military judge ruled it was ten years.

The Court of Military Appeals decided on several occasions that robberies of different victims at the same time and place are separately punishable offenses. *United States v. Parker*, 17 U.S.C.M.A. 545, 38 C.M.R. 343 (1968); *United States v. Stepter*, 17 U.S.C.M.A. 549, 38 C.M.R. 347 (1968); *United States v. Duttine*, 17 U.S.C.M.A. 550, 38 C.M.R. 348 (1968). Therefore, the pre-trial advice of the staff judge advocate to the convening authority was correct. However, it was incumbent upon him to inform the convening authority of the limitation placed upon his discretion when determining an appropriate sentence by the military judge's ruling that the charges

---

1. The appellant was given the opportunity to withdraw his plea of guilty after this ruling by the trial judge. The appellant assured the trial judge his plea was not predicated upon a misunderstanding of the maximum punishment and the ruling had no effect upon his guilt and desire to plead guilty. Unlike *United States v. Turner*, 18 U.S.C.M.A. 55, 39 C.M.R. 55 (1968), and *United States v. DuPuis*, 48 C.M.R. 49 (A.C.M.R.1973), *pet. denied*, 48 C.M.R. 999 (1974), the providence of the plea is not in question.

were multiplicious.[2] *United States v. West-cott*, 48 C.M.R. 237 (A.C.M.R. 1973); *United States v. Love*, 46 C.M.R. 741 (A.C.M.R. 1972), *pet. denied*, 22 U.S.C.M.A. 618, 46 C.M.R. 1323 (1973). His decision was the law of the case and binding on the convening authority. *United States v. Strand*, 6 U.S.C.M.A. 297, 306, 20 C.M.R. 13, 22 (1955); *United States v. McArdle*, 27 C.M.R. 1006, 1018 (A.F.B.R. 1959).

The failure of the staff judge advocate to so advise the convening authority was error but we perceive no fair risk that the appellant was prejudiced thereby because (1) the sentence of the military judge to confinement at hard labor for two years and five months was based upon his understanding that the maximum imposable period of confinement was ten years rather than twenty years; (2) the appellant persisted in his plea of guilty after being advised by the trial judge of his determination of the maximum period of confinement; (3) it is unlikely the convening authority would have reduced the period of confinement below that agreed upon; and (4) the sentence is warranted by the gravity of the charges and other evidence of record.

The findings of guilty and the sentence are affirmed.

Judge O'DONNELL not participating.

Senior Judge JONES concurs.

2. We do not believe the appellant waived his right to have the convening authority apprised of the trial judge's ruling by the failure of the trial defense counsel to comment on the inaccuracy in the post-trial review. *See also United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975); and *United States v. Austin*, 2 M.J. 391 (A.C.M.R. 1975).