UNITED STATES, Appellee,

v.

Sergeant Claude R. MOBLEY, SSN 265–23–6197, United States Army, Appellant.

CM 440879.

U. S. Army Court of Military Review.

26 Feb. 1982.

Major Raymond C. Ruppert, JAGC, Captain Judson W. Roberts, JAGC, and Captain Guy J. Ferrante, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, and Major John T. Meixell, JAGC, were on the pleadings for appellee.

Before FULTON, Senior Judge, and McKAY and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Judge:

The appellant pleaded guilty and was convicted by a general court-martial (judge alone) of escape from custody (Charge I), making a false official statement (Charge II), assault of two persons in the execution of law enforcement duties (Charge III, two specifications), possession, transfer and sale of cocaine (Specifications 1, 2, 3, Charge IV), and possession, transfer and sale of marihuana (Specifications 4, 5, 6, Charge IV). He was sentenced to a dishonorable discharge, confinement for 19 months, forfeiture of all pay and allowances and reduction to Private E–1. The convening authority disapproved the findings of guilty to the transfer of cocaine and marihuana (Specifications 2 and 5, Charge IV), but approved the other findings of guilty and the adjudged sentence.

The appellant has cited numerous errors that he believes prejudicially affected the outcome of his trial. His first assignment of error asserts that under the facts of this case no escape from custody occurred, as his acts amounted only to an attempt to escape. The issue raised is whether military police officials, once having apprehended the appellant, at any time ceased to exercise control in his presence.

The escape charge stems from appellant's apprehension by CID Special Agent Miskell and Military Police Investigator Swett at an airfield hangar for possession, sale, and transfer of cocaine and hashish. Upon apprehension he was immediately placed in a wall search position by the apprehending officers so that a frisk search could be made of his person. The appellant would not cooperate with the apprehending officials, came out of the search position, struck Investigator Swett and started running for the hangar door. Investigator Swett gave pursuit, grabbed appellant at the hangar door and pulled him down. Special Agent Miskell caught up and in the resulting affray the appellant kicked or struck both military policemen, broke away and ran out the hangar door. Both military policemen renewed the pursuit and at the same time yelled for appellant to stop. At this point nature intervened with a patch of ice upon which appellant stepped, lost his balance

and fell to the ground.[1] This allowed the pursuing military policemen to catch the appellant, place him in a spread eagle position and complete the interrupted frisk search of his person.

The appellant directs our attention to paragraph 174c, Manual for Courts-Martial, United States, 1969 (Revised edition) (hereinafter cited as Manual), which, in discussing the offense of escape from confinement, states:

> . . . escape is not complete until the prisoner has at least momentarily freed himself from the restraint of his confinement; so, if the movement toward escape is opposed, or *before it is completed an immediate pursuit follows, there will be no escape until opposition is overcome or pursuit is shaken off.* (Emphasis added).

This language, the appellant argues, precludes his conviction of escape from custody as he was immediately and continually pursued by the policemen, *i.e.*, he remained in their presence and was never free of their control. The problem with this argument, however, is that it relies on the Manual provision that discusses escape from confinement.

■ Article 95, Uniform Code of Military Justice,[2] 10 U.S.C. § 895, provides for the punishment of resisting apprehension, breaking arrest, and escape from custody or confinement. The difference between custody and confinement has caused confusion in the past. *See United States v. Ellsey*, 16 U.S.C.M.A. 455, 457, 37 C.M.R. 75, 77 (1966). In *Ellsey* the Court of Military Appeals held

that custody and confinement are entirely different in nature. Custody results from apprehension[3] and lasts "until proper authority may be notified"[4] or until terminated by proper authority. The restraint imposed by custody may be physical or as the court said in *Ellsey*, "it also suffices to utilize no more than moral suasion" exercised "in the presence"[5] of the person in custody. The restraint imposed by confinement differs in that it is "the physical restraint of a person,"[6] and lasts until the person is set at liberty by proper authority.[7]

■ We believe that the writers of the Manual intentionally omitted the quoted language from their explanation of escape from custody in paragraph 174d, because they did not intend it to apply to that offense. The moral restraint of custody is broken the instant control in the presence of the person apprehended ceases. *United States v. Ellsey, supra.* Whether or not immediate pursuit occurs is immaterial, although it may be determinative of the existence of "control" and "presence."

■ The Manual states that "control" is exercised by "official acts or orders."[8] "Presence" is defined in Webster's Third International Dictionary as the space within one's "ken, call or influence." From this we conclude that the moral restraint necessary to establish or maintain custody exists when the apprehending official is capable of implementing physical restraint should it become necessary. Thus the existence of custody is a question in each case for the finders of fact to resolve.[9]

---

1. It is unclear from the facts developed during the trial how far the appellant got outside the hangar. Statements in the Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832, Report of Investigation indicate he ran 15 to 20 meters.

2. 10 U.S.C. § 895 (1976).

3. Apprehension is the taking of a person into custody. Article 7, Uniform Code of Military Justice, 10 U.S.C. § 807 (1976).

4. Persons authorized to apprehend but not to order confinement must notify the commander or officer with confinement authority for further disposition, paragraph 19d, Manual; *United States v. Ellsey, supra.*

5. Paragraph 174d, Manual.

6. Article 9, Uniform Code of Military Justice, 10 U.S.C. § 809 (1976).

7. Paragraph 174c, Manual.

8. Paragraph 174d, Manual.

9. *See United States v. Royal*, 2 M.J. 591 (N.C. M.R.1976) (accused remained in the "presence" of his escort who stationed himself outside the door to a head being visited by the escapee); *United States v. Ream*, 1 M.J. 759 (A.F.C.M.R. 1975) (accused remained in custody while guard aurally monitored his presence inside a

■ In this case we note that the appellant's statements to the trial judge during the inquiry required by the Court of Military Appeals in *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), vary in the details from the stipulation of fact he entered pursuant to his pretrial agreement. Nevertheless we find nothing inconsistent with the providence of his plea. *United States v. Davenport*, 9 M.J. 364 (C.M.A. 1980). We do find, however, that the appellant was apprehended and taken into custody by the two military policemen and he remained in their custody during the scuffling that occurred inside the hangar. We find further that when appellant broke free and departed the hangar he effected an escape. The intervening fact of the location of the ice upon which appellant slipped and fell, enabling his recapture, does not alter the fact that for a time control over his person was not exercised by either Special Agent Miskell or Investigator Swett.

■ In his second assertion of error the appellant contends that the military judge erred by not finding that Charge I and its specification was multiplicious with Charge III and its two specifications. At trial the appellant raised the issue of multiplicity with respect to the two assault specifications, but did not assert that either or both were multiplicious with Charge I, escape from custody. The trial judge held correctly that the two assault specifications were not multiplicious. *United States v. Peterson*, 17 U.S.C.M.A. 548, 38 C.M.R. 346 (1968).

■ The issue of multiplicity of the two assault specifications with the escape from custody offense was not raised by appellant at the trial and the military judge was therefore deprived of the opportunity to receive argument and to rule thereon. *United States v. Ebling*, 12 M.J. 591 (A.C.M. R.1981). Moreover, the appellant entered pleas of guilty to all specifications and charges. We hold therefore that the issue

house from outside); *United States v. King*, 45 C.M.R. 783 (N.C.M.R.1971) (no escape from custody when First Sergeant told accused to go upstairs in a barracks).

of multiplicity between Charge I and Charge III was waived. Paragraph 67*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). We are satisfied that by invoking waiver the appellant will not suffer an injustice, *United States v. Huggins*, 12 M.J. 657 (A.C.M.R.1981), as the adjudged sentence was much less than that which could have been given on the findings.

■ In three remaining assertions of error, appellant challenges his conviction of the offenses involving cocaine, contending that it is not a habit-forming drug and that such verbiage should be expunged from the specifications. He argues that with expunction no offense would be alleged and the findings of guilt should be set aside. We disagree and adhere to the statutory classification of cocaine as a habit-forming drug. *United States v. Gonzalez-Rodriguez*, 7 M.J. 633 (A.C.M.R.1979), *pet. denied*, 7 M.J. 263 (C.M.A.1979); *United States v. King*, 6 M.J. 927 (A.F.C.M.R.1979), *pet. denied*, 7 M.J. 214 (C.M.A.1979).[10]

The Court notes that the convening authority's action, dated 16 April 1981, is not in correct form, although the intent is clear. Our action is designed to avoid ambiguity in the final order: The findings of guilty of Specifications 2 and 5 of Charge IV, not having been approved by the convening authority, are set aside and those charges are dismissed. The remaining findings of guilty are affirmed. The approved sentence is affirmed.

Judge COHEN concurs.

FULTON, Senior Judge, concurring:

I concur in the majority's disposition of this case.

Custody and confinement are indeed different in nature. *United States v. Ellsey*, 16 U.S.C.M.A. 455, 458, 37 C.M.R. 75, 79 (1966) (Ferguson, J.). However, what the *Manual* says of escape from confinement is

**10.** This issue is currently pending before the Court of Military Appeals.

also true in a general way of escape from custody, that is, an escape may be completed or it may be merely attempted and not completed. Either status, once lawfully imposed, persists until the subject is set at liberty by proper authority. Manual for Courts-Martial, United States, 1969 (Revised edition), pars. 174*c, d*. This case presents no question whether anyone set the appellant at liberty; instead, appellant suggests that the inquiry into the factual basis for his plea failed to reveal that he did more than merely attempt without success to escape from his pursuers.

In connection with his plea, however, the appellant stipulated to facts. The facts stipulated to were that he "broke away and started running across the airfield," and that he accidentally "fell to the ground enabling investigator Swett and Special Agent Miskell to catch up to him." I am quite persuaded that, when at or near the hangar door the appellant broke with force the grasp of Investigator Swett, eluded the grasp of Special Agent Miskell, left one or both of them prone, and started running, he had freed himself of their restraint, physical as well as moral. An escape from custody does not become less complete merely because the apprehendee subsequently is retaken and custody reimposed.

As for the question of multiplicity, the trial defense counsel, while he asserted that the two assaults merged for punishment, acceded to the military judge's ruling that the escape was punishable separately from the assaults. The judge had agreed with the trial counsel's analysis that the assaults involved elements separate from the escape and that, while force might be essential to an offense such as resisting apprehension, force was not necessary to effect an escape from custody. As the majority evidently do in this case, I will assume that the escape was not separately punishable. *See United States v. Pearson*, 19 U.S.C.M.A. 379, 41 C.M.R. 379 (1970); *United States v. Miller*, 39 C.M.R. 450, 455–56 (A.B.R.1968).

The appellant is not, however, burdened with a sentence more severe than would otherwise be the case. The error caused the maximum punishment to be regarded as including 19 years' confinement at hard labor rather than 18 years, an almost insignificant difference. The sentence adjudged, although including a dishonorable discharge and total forfeitures, included confinement for only 19 months for the offenses discussed above in addition to wrongful possession and sale of heroin and marihuana. Appellant's plea bargain would have permitted the convening authority to approve a 22-month term of confinement had that been adjudged. In view of those circumstances, I agree that sentence relief is unnecessary and unwarranted.