UNITED STATES, Appellee,

v.

Specialist Four Damon LEE, SSN
259–96–8081, United States
Army, Appellant.

CM 442475.

U.S. Army Court of Military Review.

29 April 1983.

Captain Michael D. Graham, JAGC, argued the cause for the appellant. With him on the brief were Lieutenant Colonel R. Rex Brookshire II, JAGC, Major Robert C. Rhodes, JAGC, and Captain James A. Mc-Atamney, JAGC.

Captain Charles S. Arberg, JAGC, argued the cause for the appellee. With him on the brief were Lieutenant Colonel John T. Edwards, JAGC, and Major Michael R. Smythers, JAGC.

Before HANSEN, MILLER and BADA-MI, Appellate Military Judges.

OPINION OF THE COURT

MILLER, Senior Judge:

The appellant Lee and his cohort Witherspoon * visited a reign of terror, sadism and

---

* Witherspoon was tried by a general court-martial consisting of officer and enlisted members. In accordance with his pleas, he was found guilty of two specifications of forcible sodomy, one specification of extortion, and four specifications of assault consummated by a battery, in violation of Articles 125, 127, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 925, 927, and 928 (1976). The court members sentenced him to a dishonorable discharge, confinement at hard labor for 13 years, total forfeitures, and reduction to the grade of Private E–1. Pursuant to a pretrial agreement, the convening authority reduced the term of confinement to five years and otherwise approved the remainder of the sentence as adjudged. This court affirmed the findings of guilty and the sentence. *United States v. Witherspoon*, 14 M.J. 781 (A.C.M.R.1982).

humiliation upon their fellow soldiers. For his part in such sordid affairs, the appellant was charged with two specifications of forcible sodomy, one specification of extortion, two specifications of assault, and two specifications of communicating a threat. Pursuant to a pretrial agreement, the appellant pled, and was found, guilty of the two forcible sodomies, extortion, and two assaults; the Government introduced no evidence concerning the two offenses of communicating a threat. The court with members sentenced appellant to a dishonorable discharge, confinement at hard labor for 13 years, total forfeitures, and reduction to the grade of Private E-1. In accordance with the pretrial agreement, the convening authority reduced the confinement at hard labor to five years and otherwise approved the sentence as adjudged.

■ The appellant first urges us to consider that the military judge should have dismissed Specification 1 of Charge I (forcible sodomy by appellant) as unreasonably multiplicious with Specification 2 (aiding and abetting forcible sodomy by Witherspoon) because both specifications arose out of one transaction. Based on our review of the facts, the two separate acts of sodomy by two different perpetrators on one victim did not merge either for sentencing or findings purposes. *See United States v. Peterson,* 17 U.S.C.M.A. 548, 38 C.M.R. 346 (1968); *United States v. Mobley,* 12 M.J. 1029 (A.C.M.R.1982).

■ The appellant now claims that his plea of guilty to Specification 2 of Charge I, alleging that the appellant, in conjunction with his cohort Witherspoon, forced the victim to commit sodomy with Witherspoon was improvident because the military judge failed to advise the appellant of criminal responsibility as an aider and abettor. While it would have been a better practice for the military judge to expand his inquiry into the facts as well as expressly advise the appellant about his criminal responsibility, his failure to do so did not render the appellant's plea improvident. The specifi-

cation itself advised the appellant that he was charged with the sharing of criminal responsibility with Witherspoon. Unlike the appellant in *United States v. Craney,* 1 M.J. 142 (C.M.A.1975), the appellant in the instant case admitted to the military judge his complicity by: (1) slapping the victim; (2) noticing "that Witherspoon had a knife and that he told [the victim] that he had three seconds to 'pull' sodomy upon us both"; (3) standing next to the victim while he was being sodomized by Witherspoon; (4) again slapping the victim; and (5) then sodomizing the victim himself. A stipulation of fact used by the military judge in his determination of the providency of appellant's pleas further illuminates appellant Lee's complicity. In pertinent part it states that:

> Witherspoon told Amos to pull down his pants and bend over the bed, which Amos did; that Witherspoon then picked up a craft knife, approximately eight inches long with a razor edged blade, from his desk, told Amos to pull up his pants, and that he was going to 'suck them'; that Witherspoon pulled down his pants and undershorts and told Amos: 'Now I wants you to suck my dick'; that Amos said, 'No', whereupon Lee slapped Amos and Amos dropped to the floor and placed Witherspoon's penis into his mouth and fellated him; that Lee pulled down his pants and undershorts and changed places with Witherspoon; that Amos began to fellate Lee while Witherspoon held the knife;

Viewed in its entirety, the providence inquiry clearly supports appellant's plea of guilty. *See United States v. Crouch,* 11 M.J. 128 (C.M.A.1981).

■ The appellant next contends that he was substantially prejudiced by the court members' failure to follow the military judge's sentencing instructions. The military judge instructed the court members that the maximum punishment included a dishonorable discharge, confinement at hard labor for twenty-three years and six months, forfeiture of all pay and allow-

**534**

ances, and reduction to the lowest enlisted grade. They were to "vote by secret written ballot on each proposed sentence in its entirety, beginning with the lightest, until a sentence was adopted by the required concurrence of two-thirds of the members, that is six of the eight members [then] present." He did not instruct the members that a three-fourths majority was required to sentence the appellant to more than ten years of confinement at hard labor. Under either instruction, two-thirds or three-fourths, the majority required to sentence appellant to more than 10 years of confinement at hard labor would remain the same, viz., six members. It is inconceivable that appellant was prejudiced by the erroneous omission, Article 59, Uniform Code of Military Justice, 10 U.S.C. § 859 (1976). Moreover, we observe that in spite of this omission, the sentence work sheet shows, and the president of the court announced, that the sentence which included confinement at hard labor for 13 years was reached by concurrence of three-fourths of the members present. Under these circumstances, the failure of the military judge to instruct on the required majority of three-fourths was a harmless error.

Finally, appellant contends the military judge erred by proceeding with trial without the presence of one of the detailed members who had not been properly relieved. The assignment of error is without foundation in fact. Although trial counsel inadvertently failed to read the "missing" court member's name into the record, a certificate of correction was prepared to accurately reflect the court member's participation.

The findings of guilty and the sentence are affirmed.

Chief Judge HANSEN and Judge BADAMI concur.