**UNITED STATES, Appellee,**

v.

**Sergeant Jerry J. BREWSTER, 421–92–7339, United States Army, Appellant.**

**ACMR 8802352.**

U.S. Army Court of Military Review.

31 Jan. 1991.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Keith W. Sickendick, JAGC, Captain Jon W. Stentz, JAGC, Captain Jeffrey J. Fleming, JAGC, Captain Andrew G. Oosterbaan, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain James K. Reed, JAGC (on brief).

Before NAUGHTON, GRAVELLE and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Senior Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial composed of officer and enlisted members of attempted rape and solicitation of another to commit rape, in violation of Articles 80 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 880 and 934 (1982), respectively. He was sentenced to a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence.

The appellant asserts that over defense objection the military judge improperly permitted the trial counsel to make "major" changes to a solicitation charge after arraignment. The solicitation charge and specification at issue are set forth as follows:

> Charge II: Violation of the UCMJ, Article 82, 10 U.S.C. § 882
>
> Specification: In that [appellant] ... did, at a deserted parkplatz on Autobahn 8, between Neu Ulm and Augsburg, Federal Republic of Germany, on or about 15 May 1988, solicit Specialist [H] to commit rape.

At a pretrial Article 39(a), UCMJ, session, the military judge indicated to the trial counsel that the offense of solicitation to commit rape was not prohibited by Article 82, UCMJ. The military judge questioned whether Charge II alleged an offense and also noted that the specification failed to allege that the solicitation was "wrongful." At a subsequent pretrial Article 39(a), UCMJ, session, the trial counsel moved to amend Charge II and its Specification to allege a violation of Article 134, UCMJ, rather than Article 82, UCMJ, and to insert the word "wrongfully" in the specification before the word "solicit."

Manual for Courts–Martial, United States, 1984 [hereinafter MCM, 1984], Rule for Courts–Martial 603 [hereinafter R.C.M.

603], categorizes amendments as "major" and "minor" changes to pleadings. "Minor changes in charges and specifications are any except those which add a party, offense, or substantial matter not fairly included in those previously preferred, or which are likely to mislead the accused as to the offenses charged." R.C.M. 603(a). "After arraignment the military judge may, upon motion, permit minor changes in the charges and specifications at any time before findings are announced if no substantial right of the accused is prejudiced." R.C.M. 603(c). Major changes or amendments cannot be made over the objection of the accused unless the charge or specification affected is preferred anew. R.C.M. 603(d).

We find: The amendments (1) redesignating Charge II as a violation of Article 134, UCMJ, instead of Article 82, UCMJ, and (2) inserting in the specification the word "wrongfully" before the word "solicit", were minor and did not prejudice the substantial rights of the appellant.

■ As to the first, it has long been held that the misdesignation of an article of the UCMJ violated by an accused is not prejudicial error. *United States v. Lovejoy*, 42 C.M.R. 210 (C.M.A.1970). R.C.M. 603(a) discussion, notes that minor changes include those necessary "to allege the proper article." Thus, amending Charge II to read a violation of Article 134, UCMJ, rather than Article 82, UCMJ, is clearly a minor change and in no way prejudiced the appellant.

■ Regarding the second amendment, we must initially consider whether the specification as originally drafted alleged an offense. For if it did not, then adding the word "wrongfully" to the specification would constitute a major change which could not be made over the appellant's objection unless the charge is preferred anew. R.C.M. 603(a).

"A specification must expressly or by fair implication allege all the elements of an offense." *United States v. French*, 31 M.J. 57, 59 (C.M.A.1990); *see* R.C.M. 307(c)(3). The Court of Military Appeals has viewed defective specifications with

maximum liberality in guilty plea cases where the accused only challenged the affected specification for the first time on appeal. *United States v. Brecheen*, 27 M.J. 67 (C.M.A.1988); *United States v. Watkins*, 21 M.J. 208 (C.M.A.1986). On the other hand, the Court has indicated that it views a specification that is challenged before trial and to which the accused ultimately pleads not guilty in a more critical light. *French*, 31 M.J. at 59; *United States v. Bryant*, 30 M.J. 72, 73 (C.M.A. 1990).

MCM, 1984, Part IV, para. 105b.(1), sets forth the following essential elements: "[t]hat the accused solicited or advised a certain person or persons to commit a certain offense under the code other than one of the four offenses named in Article 82." Article 120, UCMJ, 10 U.S.C. § 920, proscribes the crime of rape. In the case at bar, the specification as originally drafted informed the appellant he was charged with making a serious request to Specialist H to rape a fellow soldier. The appellant was on notice that he was accused of requesting another soldier to commit a crime, *i.e.*, a violation of the UCMJ, to wit: rape. Thus, the specification sufficiently expressed the words of criminality essential to the offense of solicitation, and clearly informed the appellant of the crime against which he had to defend. *See United States v. Berner*, 32 M.J. 570 (A.C.M.R. 1991). *See also United States v. King*, 32 M.J. 588 (A.C.M.R.1991). Moreover since the amendments do not differ as to the place, date, or the parties involved, the appellant is also assured he will not later be prosecuted for the same offense. The military judge properly permitted the amendments to Charge II and its Specification. *Cf. Bryant*, 30 M.J. at 74 n. 3.

Among the issues personally asserted by the appellant were several claims that his military trial defense counsel was ineffective. Subsequent to an order issued by this court for additional information, the appellant through his appellate counsel moved to withdraw from consideration these matters asserted pursuant to *United States v.*

**594**

*Grostefon,* 12 M.J. 431 (C.M.A.1982). Although the motion to withdraw was granted, we wish to make clear that, based on the pleadings filed by both parties, including the affidavit submitted by the appellant's military trial defense counsel, and in consideration of the entire record, we find the appellant's trial defense counsel was not ineffective. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Finally, we note that the military judge did not give any preliminary instructions to the panel members, even though this matter was properly brought to his attention by the trial counsel. R.C.M. 913(a). Although a military judge is not required to give preliminary instructions in all cases, the giving of such instructions to the members in each case is conducive to ensuring that each accused receives a fair trial and is the preferred practice. *See United States v. Waggoner,* 6 M.J. 77, 79 n. 2 (C.M.A.1978). We again commend this practice to military judges, and particularly commend the practice in contested cases.

On consideration of the entire record, including consideration of the issues personally specified by the appellant which remain before the court, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are affirmed.

Judge GRAVELLE and Judge JOHNSTON concur.