UNITED STATES, Appellee,

v.

Sergeant First Class John A. ROBBA, 148–52–2744, United States Army, Appellant.

ACMR 8902994.

U.S. Army Court of Military Review.

11 April 1991.

For Appellant: David L. Roberts, Esquire (argued), Lieutenant Colonel Russell S. Estey, JAGC, Captain Edward T. Keable, JAGC (on brief).

For Appellee: Captain Robert J. Walters, JAGC (argued), Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC (on brief).

Before NAUGHTON, GRAVELLE and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Senior Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial consisting of officer and enlisted members of taking indecent liberties with females under the age of sixteen (Specifications 1 and 2 of the Charge),[1] and indecent exposure (Specifications 3 and 4 of the Charge),[2] in violation of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (1982). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to Private E1.

I

■ At an Article 39(a), UCMJ, session, defense counsel moved to dismiss Specifications 1 and 2 of the Charge for failure to state an offense. The military judge denied the motion. On appeal, the appellant again contends that Specifications 1 and 2 of the Charge fail to state the offense of taking indecent liberties with a female under the age of sixteen years because: (1) the specifications do not state that the appellant exposed himself in the presence of anyone, and (2) the specifications do not allege that the appellant's taking of indecent liberties was wrongful. We disagree.

The Court of Military Appeals has viewed defective specifications with maximum liberality in guilty plea cases where the accused only challenged the affected specification for the first time on appeal. *United States v. Brecheen*, 27 M.J. 67 (C.M.A.1988); *United States v. Watkins*, 21 M.J. 208 (C.M.A.1986). On the other hand, the Court has indicated that it views a specification that is challenged before trial where the accused ultimately pleads not guilty in a more critical light. *United States v. Bryant*, 30 M.J. 72 (C.M.A.1990).

"A specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication." Manual for Courts–Martial, United States, 1984 [hereinafter Manual], Rule for Courts–Martial 307(c)(3) [hereinafter R.C.M.]. Part IV, paragraph 87b(2) of the Manual sets forth the elements of the offense of indecent liberties with a child where no physical contact is alleged as follows:

(a) That the accused committed a certain act;

---

1. Specification 1 of the Charge which is identical in format to Specification 2 of the Charge reads as follows:

    Specification 1: In that Sergeant First Class John Anthony Robba did, at Fort Benning, Georgia, sometime in April 1989, take indecent liberties with ... [Diane L.], a female under 16 years of age, not the wife of the said Sergeant First Class Robba, by exposing his penis and stroking and rubbing his penis, with intent to arouse, appeal to, and gratify his own lust, passion and sexual desires, as well as the passion and sexual desires of the said ... [Diane L.].

2. Specification 3 which is identical in format to Specification 4 of the Charge reads in pertinent part as follows:

    Specification 3: In that Sergeant First Class John Anthony Robba did, at Fort Benning, Georgia, sometime in April 1989, while in the living room of Sergeant First Class ... [L], at ... Court, Fort Benning, Georgia willfully and wrongfully expose in an indecent manner to public view his penis.

(b) That the act amounted to the taking of indecent liberties with a certain person;

(c) That the accused committed the act in the presence of this person;

(d) That this person was under 16 years of age and not the spouse of the accused;

(e) That the accused committed the act with the intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both; and

(f) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

The Manual goes on to explain that "[w]hen a person is charged with taking indecent liberties, the liberties must be taken in the physical presence of the child, but physical contact is not required. Thus, one who with the requisite intent exposes one's private parts to a child under sixteen years of age may be found guilty of this offense." Manual, Part IV, paragraph 87c(2).

◼ Specifications 1 and 2 of the Charge, although not expressly alleging the appellant's actions were within the physical presence of the children involved, clearly implied the children's physical presence (*i.e.*, "take indecent liberties with ... [Diane L.] by exposing his penis and stroking and rubbing his penis, with intent to arouse, appeal to, and gratify his own lust, passion and sexual desires, *as well as the passion and sexual desires of* the said ... [Diane L.]" [emphasis added]). There can be no doubt that the plain meaning of the specifications at issue clearly informed the appellant of the conduct with which he was charged, *i.e.*, taking indecent liberties with

and in the presence of children under sixteen years of age. Additionally, although there is no requirement to specifically allege that the appellant's actions were wrongful, Specifications 1 and 2 of the Charge by virtue of the nature of the allegations sufficiently expressed the words of criminality essential to the offense of taking indecent liberties. Further, they clearly informed the appellant of the crimes against which he had to defend. Moreover, the allegations clearly informed the appellant as to the place, date, and the parties involved, assuring the appellant that he will not be later prosecuted for the same offense. Specification 1 and 2 of the Charge meet the sufficiency test of Rule for Courts–Martial 307(c)(3).[3] *See also United States v. Brewster*, 32 M.J. 591 (A.C.M.R.1991) (solicitation to commit rape specification alleged offense even absent allegation of wrongfulness); *United States v. King*, 32 M.J. 588 (A.C.M.R.1991) (adultery specification which failed to allege the accused was a married man was sufficient); *United States v. Berner*, 32 M.J. 570 (A.C. M.R.1991) (specification charging possession of marijuana with intent to distribute was sufficient even absent allegation of wrongfulness).

## II

◼ The appellant also contends that the military judge erred in failing to dismiss Specifications 3 and 4 of the Charge as being multiplicious for findings purposes with Specifications 1 and 2 of the Charge. We agree.

◼ Prior to entry of pleas, defense counsel moved to dismiss Specifications 3 and 4 of the Charge as being multiplicious with Specifications 1 and 2 of the Charge. Based on the government's argument that

---

3. Although we have determined that it was not necessary to have expressly alleged in the indecent liberties specifications that the liberties were taken "in the physical presence" of the victims, it would not have been inappropriate to have pled such language in the first instance. Moreover, trial counsel in response to a defense counsel objection to the sufficiency of the specifications could have moved to amend the specifications by adding the "in the physical pres-

ence" language as a "minor change." *See* R.C.M. 603(c) ("After arraignment the military judge may, upon motion, permit minor changes in the charges and specifications at any time before findings are announced if no substantial right of the accused is prejudiced."). Such an amendment would have neither misled nor prejudiced the appellant. *Cf. Bryant*, 30 M.J. at 74 n. 3.

774

exigencies of proof necessitated the manner in which the appellant was charged, the military judge denied the motion. After the judge found the appellant guilty of all Specifications of the Charge, the defense counsel moved to dismiss Specifications 3 and 4 on the ground that they were multiplicious for sentencing with Specifications 1 and 2 of the Charge. The military judge did not dismiss Specifications 3 and 4, but he did rule that they were multiplicious for sentencing purposes and so informed the panel members during his sentencing instructions. In the instant case, the appellant was convicted of taking indecent liberties with several children by, *inter alia,* exposing his penis to them. The evidence of record clearly reflects that the appellant's conviction of the two indecent exposure offenses required no proof beyond that required of the corresponding indecent liberties offenses. *See United States v. Baker,* 14 M.J. 361 (C.M.A.1983). Although we find under the circumstances of this case that the offenses of indecent liberties and indecent exposure were multiplicious for findings purposes, we find the appellant suffered no prejudice as the court members were advised that the offenses were multiplicious for sentencing purposes. *See United States v. Scott,* 21 M.J. 345, 347 (C.M.A.1986).

We have carefully considered those matters personally asserted by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to be without merit. However, one matter personally asserted by the appellant merits further comment. The appellant contends that neither favorable evidence of his character nor unfavorable evidence of the victims' character was presented. These contentions were treated as a single claim of ineffective assistance of defense counsel. Pursuant to *United States v. Burdine,* 29 M.J. 834 (A.C.M.R.1989), the appellant was afforded the opportunity to submit an affidavit detailing with as much specificity as possible the exact manner in which trial defense counsel was ineffective. The government requested and received affidavits from the civilian defense counsel and the military trial defense counsel. We

have considered all matters, including the affidavits of both defense counsel and the appellant as well as the record of trial, and we are convinced that the appellant's civilian and military trial defense counsel were not ineffective. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *United States v. Polk,* 32 M.J. 150 (C.M.A.1991).

The findings of guilty of Specifications 3 and 4 of the Charge are set aside and Specifications 3 and 4 of the Charge are dismissed. The remaining findings of guilty and the sentence are affirmed.

Judges GRAVELLE and JOHNSTON concur.