UNITED STATES

v.

**Todd A. LACY, Boatswain's Mate Second Class (E–5), U.S. Navy.**

NMCM 99 01163.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 16 Dec. 1998.

Decided 24 April 2000.

LCDR Robert C. Klant, JAGC, USN, Appellate Defense Counsel.

LCDR Philip Sundel, JAGC, USNR, Appellate Government Counsel.

Before LEO, Senior Judge, ANDERSON and NAUGLE, Appellate Military Judges.

ANDERSON, Judge:

A military judge, sitting as a general court-martial, found the appellant guilty, pursuant to his pleas, of one specification of sodomy with a child under the age of 12, two specifications of indecent acts with a child, and three specifications of indecent liberties with a child in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934. The appellant was sentenced to confinement for 5 years, reduction to pay grade E–1, and a dishonorable discharge. The convening authority approved the sentence as adjudged, but in accordance with the pretrial agreement, he sus-

pended all confinement in excess of 3 years and waived automatic forfeitures for 6 months.

After carefully considering the record of trial, the appellant's single assignment of error, and the Government's response, we conclude that, except as noted below, the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. *See* Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Unit of Prosecution Theory

In his assignment of error, the appellant contends that based on a "unit of prosecution" theory, Specifications 4 and 5 of Charge II, both alleging indecent liberties with a child, should be consolidated into a single specification. We disagree.

The underlying misconduct in Specifications 4 and 5 of Charge II involved the appellant exposing his genitals, masturbating, and showing a pornographic video to two children simultaneously. Separate specifications were drafted to account for each child victim. At trial, the appellant pleaded guilty to both specifications and did not object on the grounds of multiplicity or the unreasonable multiplication of charges. The appellant, citing *United States v. Scranton*, 30 M.J. 322 (C.M.A.1990), now argues that the appropriate unit of prosecution in this case was not the number of persons present when he committed his indecent liberties (two), but the actions themselves (one). We view this argument as nothing more than a claim that the specifications are multiplicious or an unreasonable multiplication of charges.

▆▆▆▆ Our superior court recently reviewed multiplicity as it pertains to guilty pleas:

> Ordinarily, an unconditional guilty plea waives a multiplicity issue. Furthermore, double jeopardy claims, including those founded in multiplicity, are waived by failure to make a timely motion to dismiss, unless they rise to the level of plain error. Appellant has the burden of persuading us that there was plain error. An appellant may show plain error and overcome waiver by showing that the specifications are " 'fa-

cially duplicative,' that is, factually the same." Whether specifications are facially duplicative is determined by reviewing the language of the specifications and "facts apparent on the face of the record."

*United States v. Heryford*, —— M.J. ——, No. 99–0546 (C.A.A.F. Mar. 6, 2000)(slip op. at 4)(internal citations omitted).

▆▆▆▆ In this case, the appellant forfeited the multiplicity issue by not making a timely motion to dismiss and by his unconditional guilty pleas. In addition, the appellant has failed to persuade us that there was plain error. Although the underlying conduct for each offense is the same, each specification alleges a different child victim, and thus the two specifications are not facially duplicative. In this regard, we adopt a "different victims" standard as the unit of prosecution with respect to indecent liberties, not a "discrete acts" standard. As noted by our superior court, "[t]he purpose of punishing the taking of indecent liberties with children 'is to protect children under a certain age from those acts which have a tendency to corrupt their morals.' " *United States v. Scott*, 21 M.J. 345, 348 (C.M.A.1986)(quoting *United States v. Brown*, 3 C.M.A. 454, 457, 13 C.M.R. 10, 13, 1953 WL 2382 (1953)). As such, cases involving indecent liberties may be analogized to those involving "robbery, assault, or murder—criminal offenses for which protection of the individual person as victim was the well-established object." *Scranton*, 30 M.J. at 325. Consequently, each offense against a different victim is a separately punishable crime. *See United States v. Parker*, 17 C.M.A. 545, 546, 38 C.M.R. 343, 344, 1968 WL 5414 (1968); *United States v. Peterson*, 17 C.M.A. 548, 549, 38 C.M.R. 346, 347, 1968 WL 5415 (1968). *See also* MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 87b(2)(requiring that indecent liberties be committed with and in the presence of "a certain person"). Specifications 4 and 5 are not multiplicious.

▆▆▆ In addition, we do not find that Specifications 4 and 5 represent an unreasonable multiplication of charges. RULE FOR COURTS-MARTIAL 307(c)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.). The appellant did not raise the issue at trial, thereby

indicating that he did not view the multiplication as unreasonable, and the specifications did not misrepresent or exaggerate his criminality, unfairly increase his exposure to punishment, or suggest any prosecutorial abuse of discretion in their drafting. *United States v. Quiroz*, 53 M.J. 600 (N.M.Ct.Crim.App. 2000)(en banc).

### Providence Inquiry

In the indecent acts and liberties specifications, the appellant was charged with the intent to arouse himself, the children, or both. During the providence inquiry, however, the appellant only admitted to having the intent to arouse his own sexual desires. Although not raised as an error, we find that the providence inquiry failed to support the intent element with respect to arousing the sexual desires of the children. *See United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991); *United States v. Care*, 18 C.M.A. 535, 541 40 C.M.R. 247, 253, 1969 WL 6059 (1969); and R.C.M. 910(e). We will take corrective action in our decretal paragraph.

### Conclusion

Accordingly, we except the words, "[HL], or both" from Specifications 1–4 of Charge II, and the words "[KP], or both" from Specification 5 of Charge II. The excepted words are dismissed. Subject to those exceptions, we affirm the findings.[1] We have reassessed the sentence under the principles contained in *United States v. Cook*, 48 M.J. 434, 437–38 (1998), *United States v. Peoples*, 29 M.J. 426, 427–29 (C.M.A.1990), and *United States v. Sales*, 22 M.J. 305, 307–08 (C.M.A.1986). Having done so, we affirm the sentence as approved on review below.

Senior Judge LEO and Judge NAUGLE concur.

---

1. In Specification 3 of Charge II, the appellant pleaded guilty to taking indecent liberties on divers occasions with his daughter in Guam and Point Mugu, California. During the providence inquiry, he described three incidents. The second incident he described occurred inadvertently, and we do not find his plea provident with respect to that incident. Nonetheless, we find his plea provident with respect to the other two incidents and to the specification as drafted. In our reassessment of the sentence, we will not consider the second incident he described.