UNITED STATES

v.

Gabriel T. RINKES, Electronics Technician Second Class (E–5), U.S. Navy.

NMCM 20000264.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 4 Oct. 1999.

Decided 11 July 2000.

LCDR Patricia M. Sulzbach, JAGC, USNR, Appellate Defense Counsel.

LCDR Linda J. Lofton, JAGC, USN, Appellate Defense Counsel.

LT Danette L. Walker, JAGC, USNR, Appellate Government Counsel.

Before DeCICCO, Chief Judge, DORMAN, Senior Judge, and ANDERSON, Appellate Military Judge.

DeCICCO, Chief Judge:

In this case, we hold that the offenses of taking indecent liberties with a child and indecent exposure are neither multiplicious, nor do they, under the facts of this case, constitute an unreasonable multiplication of charges.

Petty Officer Rinkes pleaded guilty at a special court-martial to both taking indecent liberties with a child and indecent exposure under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. During the providence inquiry, he stated that while in the bedroom of his government-assigned quarters at the Naval Submarine Base at Kings Bay, Georgia, he was standing at a window with the blinds open. Across the street he could see LM, whom he knew to be a 12–year–old female. He then unbuttoned and unzipped his shorts and began masturbating while looking at LM. He noticed LM look at him while he masturbated. An adult female, MM, who was near LM, also saw the appellant. The appellant recalled seeing both LM and MM looking and pointing at him as he continued to masturbate.

After the entry of his guilty pleas, but before findings were entered, the defense moved to dismiss the indecent exposure offense on the basis of multiplicity, citing *United States v. Robba*, 32 M.J. 771 (A.C.M.R. 1991). The military judge denied the motion

as far as multiplicity for findings, but he ruled that the offenses were multiplicious for sentencing.[1] Record at 37–41. The military judge later sentenced Petty Officer Rinkes to confinement for 90 days, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence.

In this appeal, the appellant argues that the offenses of taking indecent liberties with a child and indecent exposure are multiplicious, or in the alternative, that they constitute an unreasonable multiplication of charges. The Government replies that the military judge did not abuse his discretion when he denied the appellant's motion. The Government also argues that the offenses do not constitute an unreasonable multiplication of charges.

■ In *Robba*, the Army Court of Military Review found the offenses of taking indecent liberties with a child and indecent exposure to be multiplicious. The Court cited *United States v. Baker*, 14 M.J. 361 (C.M.A.1983) as authority for its holding. *Robba*, 32 M.J. at 774. In *United States v. Teters*, 37 M.J. 370 (C.M.A.1993), however, the Court of Military Appeals rejected *Baker's* "fairly embraced test" in favor of the "elements" test of *Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), and *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The new rule to be applied in multiplicity cases where the same act or transaction violates two distinct statutory provisions is whether each provision requires proof of an additional element that the other does not. *Teters*, 37 M.J. at 377. In *United States v. Oatney*, 45 M.J. 185 (1996), the Court extended the rationale of *Teters* to a case involving multiple specifications under Article 134, UCMJ. The Court found that the offenses of obstruction of justice and communication of a threat were separate for findings and sentencing, even though the threat was the means used to obstruct justice. The Court had held-in *Morrison* that if offenses are found separate

for findings, then they are separate for sentencing.

Applying the principles of *Teters* and *Oatney*, we note that the elements of indecent exposure under Article 134, UCMJ, are:

(1) That the accused exposed a certain part of his body to public view in an indecent manner;

(2) That the exposure was willful and wrongful; and

(3) That, under the circumstances, his conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 88b. The elements of taking indecent liberties with a child (without physical contact), on the other hand, are:

That the accused committed a certain act;

That the act amounted to the taking of indecent liberties with a certain person;

That the accused committed the act in the presence of this person;

That this person was under 16 years of age and not the spouse of the accused;

That the accused committed the act with the intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both; and

That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

MCM, Part IV, ¶ 87b(2).

In looking at the elements of the statutes violated, both offenses are listed in the Manual as offenses under Article 134, UCMJ. This statute has only two elements: that the accused did or failed to do a certain act; and that the accused's conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. MCM, Part IV, ¶ 60(b). In cases involving specifications

---

1. This ruling was incorrect in view of *United States v. Morrison*, 41 M.J. 482 (C.M.A.1995), which holds that when offenses are separate for findings, they are separate for sentencing. However, the military judge's ruling is the law of the case.

under Article 134, UCMJ, the "elements" approach is applied to the elements of the offense listed by the President in the Manual. *Oatney*, 45 M.J. at 188.

The taking of indecent liberties with a child does not require the exposure of a part of the accused's body in an indecent manner. It can be accomplished by words or other acts not amounting to exposure. MCM, Part IV, ¶ 87c(2). It also does not require the exposure to be done in public view. Indecent exposure is not listed as a lesser-included offense of taking indecent liberties. MCM, Part IV, ¶ 87d.

On the other hand, indecent exposure does not require the taking of indecent liberties with a person, that the exposure be before a person who is not yet 16 years-old and not the spouse of the accused, or that it be done with the intent to arouse, appeal to, or gratify the sexual desires of the accused and/or the victim.

■ Since each offense requires proof of a different element, the "elements" test is met. We also have discerned no Congressional intent to indicate that these offenses should be multiplicious. In fact, they address separate societal interests. The proscription against indecent exposure is concerned with protecting the morals of society at large. The prohibition against taking indecent liberties with a child is more narrowly focused on protecting the safety, morals, and well-being of children. It is a more serious offense and carries a greater maximum punishment at a general court-martial.[2] Therefore, based on the above, we conclude that the offenses of taking indecent liberties with a child and indecent exposure are not multiplicious, even where the means of taking the liberties was accomplished, at least in part, by the appellant's indecent exposure. *Oatney*, 45 M.J. at 188–89. The military judge did not abuse his discretion in denying the motion to dismiss based on multiplicity.

■ The Supreme Court in *Blockburger* recognized that the test for multiplicity could result in harsh punishment, but it declined to provide a remedy. *Morrison*, 41 M.J. at 483.

In military practice, we have a remedy for possible harsh results. The Discussion to Rule for Courts–Martial 307(c)(4) provides: "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." The appellant has argued in the alternative that the offenses in this case violated this policy.

In *United States v. Quiroz*, 53 M.J. 600 (N.M.Ct.Crim.App.2000)(*en banc*), *certificate for review filed*, —— M.J. —— (28 April 2000), we held that the concept of unreasonable multiplication of charges is distinct from the doctrine of multiplicity, and that we would apply a five-part test to determine whether charges have been unreasonably multiplied. Applying the five *Quiroz* factors, we note the following:

The appellant never objected at trial on the specific basis of unreasonable multiplication of charges. Because the doctrine of multiplicity is distinct from the concept of unreasonable multiplication of charges, the defense objection based on multiplicity did not raise the issue. However, in *Quiroz*, we also held that we would not apply a blanket forfeiture rule to the issue of unreasonable multiplication of charges. The failure to raise the issue specifically is a factor we will consider, but it will not automatically preclude consideration of the issue.

The two specifications were aimed at distinctly separate criminal acts. Although this was substantially one transaction, the appellant deliberately engaged in his act not only in front of a child, but also in front of anyone in his neighborhood who happened by. He also deliberately exposed himself to an adult woman. The appellant engaged in separate criminal acts with separate societal goals, and different victims.

The number of specifications does not exaggerate or misrepresent the appellant's criminality.

The number of specifications also did not unfairly increase the appellant's punitive exposure. This was a special court-mar-

---

**2.** Taking indecent liberties with a child carries a maximum period of confinement of seven years, as compared to confinement for six months for indecent exposure.

tial. The court's jurisdictional maximum could have been adjudged for either offense alone.

The record contains no evidence of prosecutorial abuse or overreaching.

*Quiroz* held that this was not an all-inclusive list, and in this case there is another factor to consider. In paragraph 87c(2) of Part IV of the Manual, the President has given examples of what may constitute the offense of taking indecent liberties with a child. This provision indicates that one who engages in indecent exposure in front of a child may be found guilty of taking indecent liberties with the child. Thus, in circumstances such as the one at bar, the offenses of indecent exposure and taking indecent liberties could be essentially the same. But this example assumes that the child is the only one who observed the act. In this case, the appellant exposed himself to public view and to an additional person. *United States v. Lacy,* 53 M.J. 509 (N.M.Ct.Crim.App.2000)(discussing different victim standard as unit of prosecution). Based on all of the above considerations, the prosecution was justified in charging the appellant with both offenses. Therefore, these offenses did not constitute an unreasonable multiplication of charges.

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judge DORMAN and Judge ANDERSON concur.