# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

## No. 201600375

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## JUSTIN M. ABBOTT
Staff Sergeant (E-6), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Keith A. Parrella, USMC.
Convening Authority: Commanding General, II Marine
Expeditionary Force, Camp Lejuene, NC.
Staff Judge Advocate's Recommendation: Colonel K. Scott Woodard,
USMC.
For Appellant: Major Benjamin A. Robles, USMC.
For Appellee: Major Kelli O'Neal, USMC; Captain Brian L. Farrell,
USMC.

———————————

Decided 26 February 2018

———————————

Before MARKS, HUTCHISON, and JONES, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent but may be cited as
persuasive authority under NMCCA Rule of Practice and Procedure
18.2.**

———————————

JONES, Judge:

A military judge sitting as a general court-martial convicted the
appellant, contrary to his pleas, of four specifications of sexual abuse of a
child and two specifications of indecent exposure, in violation of Articles 120b
and 120c, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920b and
920c (2012). The military judge sentenced the appellant to reduction to pay

grade E-1, forfeiture of all pay and allowances, confinement for five years, and a dishonorable discharge. The convening authority approved the adjudged sentence and, except for the dishonorable discharge, ordered it executed.

The appellant asserts three assignments of error (AOEs). AOE I alleges that the military judge abused his discretion when he failed to "consolidate" two of the sexual abuse of a child specifications—Charge I, Specifications 6 and 7—with one of the indecent exposure specifications—Charge II, Specification 2.[1] The appellant also contends that all three offenses were unreasonably multiplied and should be considered as one for both findings and sentencing. In AOEs II and III, the appellant claims all of his convictions were factually insufficient.[2]

We do not find consolidation of findings appropriate, but Charge II, Specification 2 should be merged with Specifications 6 and 7 of Charge I for sentencing. We reassess the sentence and conclude the findings and sentence are correct in law and fact, and find no error materially prejudicial to the appellant's substantial rights. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

On 30 November 2015, the appellant masturbated while driving his truck next to a school bus filled with high school students. Four girls on the bus testified they saw the appellant's penis. Later that same day, the appellant followed a 13-year-old girl through base housing, communicating indecent language to her, propositioning her, and masturbating in front of her. She also saw his penis. The next day, the appellant again drove next to the same school bus, masturbating. On this occasion, two students under the age of sixteen, J.R. and F.J. witnessed the appellant's indecent exposure.

## II. DISCUSSION

We have fully considered and summarily reject the appellant's second and third AOEs alleging factual insufficiency.[3] Our discussion focuses on the appellant's first AOE, unreasonable multiplication of charges.

## A. Unreasonable multiplication of charges

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." RULE FOR COURTS-MARTIAL 307(c)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES

---

[1] Appellant's Brief of 15 May 2017 at 1.

[2] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] *United States v. Clifton*, 35 M.J. 79 (C.M.A. 1992).

(2016 ed.). Unreasonable multiplication of charges is a concept distinct from multiplicity. *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001). It "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *Id.* A military judge's unreasonable multiplication of charges ruling is reviewed for an abuse of discretion. *United States v. Campbell*, 71 M.J. 19, 22 (C.A.A.F. 2012).

Charges may constitute unreasonable multiplication either as applied *to findings* or as applied *to sentencing. Id.* at 23. We consider five non-exclusive factors to determine whether there is an unreasonable multiplication of charges:

(1) Whether the appellant objected at trial;

(2) Whether each charge and specification is aimed at distinctly separate criminal acts;

(3) Whether the number of charges and specifications misrepresents or exaggerates the appellant's criminality;

(4) Whether the number of charges and specifications unreasonably increases the appellant's punitive exposure; and,

(5) Whether there is any evidence of prosecutorial overreaching or abuse in the drafting of the charges.

*See Quiroz*, 55 M.J. at 338-39.

No one factor is dispositive. Instead, these factors are weighed together, and "one or more. . . . may be sufficiently compelling[.]" *Campbell*, 71 M.J. at 23. While some factors may be more pertinent when assessing an unreasonable multiplication of charges *as to findings*, others pertain more to sentencing. The nature of the harm implicated directly affects the remedy a military judge should craft. In cases in which there is an unreasonable multiplication of charges *as to findings*, the military judge should ordinarily resolve the harm through consolidation of the specifications. This is accomplished by "combining the operative language from each specification into a single specification that adequately reflects each conviction." *United States v. Thomas*, 74 M.J. 563, 568-69 (N-M. Ct. Crim. App. 2014) (footnote omitted). In cases in which there is an unreasonable multiplication of charges *as to sentencing*, the military judge should ordinarily resolve the harm through merging the specifications for sentencing. In this situation, each affected specification remains, but the maximum punishment available is reduced to that of the greatest offense merged. In other words, the accused should be punished as if the affected specifications or charges were but a single offense. *Id.*

*1. Unreasonable multiplication of charges of sexual abuse of a child and indecent exposure for findings*

To capture the appellant's misconduct on 1 December 2015, the government charged two specifications of sexual abuse of a child under Article 120b, UCMJ, and one specification of indecent exposure under Article 120c, UCMJ:

> Charge I, Specification 6: In that [the appellant], did . . . on or about 1 December 2015, commit a lewd act upon J.R., a child, who had not attained the age of 16 years, to wit: masturbating in her presence.

> Charge I, Specification 7: In that [the appellant], did . . . on or about 1 December 2015, commit a lewd act upon F.J., a child, who had not attained the age of 16 years, to wit: masturbating in her presence.

> Charge II, Specification 2: In that [the appellant], did . . . on or about 1 December 2015, expose, in an indecent manner, his genitalia.[4]

Before findings, the appellant argued that Charge II, Specification 2 should be dismissed because it amounted to an unreasonable multiplication of charges with Charge I, Specifications 6 and 7. In the alternative, he argued that Specifications 6 and 7 of Charge I should be consolidated because they addressed the same conduct "they occurred at the same time and the same place."[5]

The military judge applied the *Quiroz* factors and explained his reasons for concluding that the appellant could be found guilty of both indecent exposure and the two lewd acts against children for masturbating alongside the school bus. In his written ruling, the military judge cited *United States v. Rinkes*, 53 M.J. 741, 743 (N-M. Ct. Crim. App. 2000). In *Rinkes*, we held that his act of public masturbation in front of a child and an adult woman who happened by were properly charged as separate specifications—taking indecent liberties with a child and indecent exposure—because they were

---

[4] Charge Sheet.

[5] Record at 61. The defense counsel actually argued they should be "merged." However, it is clear that he meant "consolidate" the specifications at findings. The term "merger" is more appropriately used for sentencing purposes. The appellate defense counsel also misapplies terminology by framing AOE I as the military judge's failure to "consolidate" Specifications 6 and 7 of Charge I with Specification 2 of Charge II, as these charges have different elements and are not conducive to consolidation.

aimed at distinctly separate criminal acts, with separate societal goals. *Id.* Referring to Charge II, Specification 2, the indecent exposure charge in this case, the military judge found that the appellant's "exposure of his genitalia to [others on the bus over the age of sixteen] is not covered by any other charge or specification. As such, [Charge II, Specification 2 is] also aimed at distinctly separate criminal acts and do[es] not misrepresent or exaggerate the [appellant's] criminality."[6]

We find that the military judge did not abuse his discretion when he found that Charge II, Specification 2—indecent exposure—and Charge I, Specifications 6 and 7—sexual abuse of a child—were not an unreasonable multiplication of charges for findings.

*2. Unreasonable multiplication of charges of sexual abuse of a child for findings*

The military judge never analyzed the defense's alternative contention that Charge I, Specifications 6 and 7 should have been consolidated for findings because they were an unreasonable multiplication of charges.[7] We review the issue now, *de novo*, by applying the *Quiroz* factors.

First, the appellant objected at trial. This factor favors the appellant.

Second, the two specifications are not aimed at distinctly separate criminal acts. When the appellant drove next to the school bus masturbating in front of J.R., he was also masturbating in front of F.J.; there was only one *actus reus*. This factor also favors the appellant.

Third, the two specifications do not misrepresent or exaggerate the appellant's criminality. In *United States v. Lacy*, 53 M.J. 509 (N-M. Ct. Crim. App. 2000), we were presented with facts similar to those in the appellant's case. There, the appellant was charged with exposing his genitals, masturbating, and showing a pornographic video to two children simultaneously. Each child victim was the subject of a separate specification, and the appellant argued that the specifications should have been

---

[6] Appellate Exhibit (AE) XXXII at 5.

[7] It is clear the military judge understood consolidation. After finding the appellant guilty of Charge I, Specifications 3-5, the military judge consolidated the three specifications into one, as he said he would do in his earlier ruling. *See* AE XXXII at 4; Record at 526. The specifications involved the appellant committing sexual abuse of the 13-year-old girl he followed around base housing by communicating indecent language to her at different times, over a several minute time span, and at different locations around the housing area. The military judge simply neglected to rule on the appellant's motion with regard to Specifications 6 and 7.

consolidated. We rejected his position, finding that "cases involving indecent liberties may be analogized to those involving 'robbery, assault, or murder—criminal offenses for which protection of the individual person as victim was the well-established object.' Consequently, each offense against a different victim is a separately punishable crime." *Lacy*, 53 M.J. at 510 (quoting *United States v. Scranton*, 30 M.J. 322, 325 (C.M.A. 1990)) (citing *United States v. Parker*, 38 C.M.R. 343, 344 (C.M.A. 1968); *United States v. Peterson*, 38 C.M.R. 346, 347 (C.M.A. 1968)).[8] This factor weighs heavily in favor of the government.

Fourth, the two specifications do not unreasonably increase the appellant's punitive exposure for findings. To be sure, each specification of non-contact sexual abuse of a child carries a maximum of 15 years of confinement,[9] but that punitive concern is much more relevant when we evaluate for unreasonable multiplication of charges for sentencing. As discussed above, the law allows a conviction for each underage victim who witnessed the appellant's actions. The focus is on *unreasonably* increasing the appellant's punitive exposure, not merely an increase in the charges the appellant may be found guilty of.[10] This factor favors the government.

Last, there is no evidence of prosecutorial overreaching or abuse in the drafting of the charges. This factor also favors the government.

Under the particular facts of this case, we find the third factor particularly "compelling," *Campbell*, 71 M.J. at 23, and we will continue to adhere to our rationale in *Lacy*. Applying all of the *Quiroz* factors, we conclude the two sexual abuse of a child specifications do not represent an unreasonable multiplication of charges for findings, and we decline to consolidate them.

But this does not end the analysis. Earlier, we found the military judge did not abuse his discretion by concluding that the charges of sexual abuse of a child and the indecent exposure specification were not unreasonably

---

[8] Charges of larceny appear to be the only exception to this general proposition. As a matter of policy, "[w]hen a larceny of several articles is committed at substantially the same time and place, it is a single larceny even though the articles belong to different persons." Part IV, ¶ 46c(1)(c)(i)(ii), MANUAL FOR COURTS-MARTIAL (MCM), UNITED STATES (2016 ed.).

[9] MCM, Part IV, ¶ 45b.e(3)(b).

[10] Each sexual abuse specification is aimed at protecting a different minor child who witnessed the appellant's misconduct. Contrast this with *Quiroz*, where we did not allow two convictions—one charged under the UCMJ and one charged under the U.S. Code—for the single act of selling government ordnance. *Quiroz*, 55 M.J. 334.

multiplied for *findings*. The question still remains, however, as to whether the charges were unreasonably multiplied for *sentencing*.

*3. Unreasonable multiplication of charges of sexual abuse of a child and indecent exposure at sentencing*

The military judge considered the charges separately for sentencing. He stated that "for sentencing the court will not consider, [J.R.] or [F.J.] as victims of the misconduct alleged in Specification 2 of Charge II as that same conduct forms the basis for Specifications 6 and 7 of Charge I."[11] But this concession does not equate to merging the charges and considering them as one for sentencing. Again, we will apply the *Quiroz* factors *de novo* to determine whether merger for sentencing is appropriate.

First, the appellant objected at trial. This factor favors the appellant.

Second, with regards to sentencing, the two charges are not aimed at distinctly separate criminal acts. The military judge correctly ruled that Charge II, Specification 2 was a distinctly separate criminal act for findings because the appellant's act of exposing his genitals to individuals on the bus over the age of 16 was not covered by the abusive sexual contact specifications under Charge I. Additionally, we have concluded that the two sexual abuse of a child specifications—Specifications 6 and 7 of Charge I—are not an unreasonable multiplication of charges for findings. But our conclusion is different with regards to sentencing. Our ruling in *Rinkes*—that "separate criminal acts, with separate societal goals" was permissible for findings—is not applicable for sentencing. In fact, in *Rinkes* the military judge ruled that the offenses were to be considered one for sentencing.[12] Here, when the appellant drove alongside the school bus masturbating in front of J.R. and F.J., he was also masturbating in front of anyone else on the bus that happened to see him; he committed one act. Generally "one act implicating . . . separate criminal purposes" should be treated as one offense *for purposes of sentencing*.[13] This factor favors the appellant.

---

[11] Record at 526.

[12] The military judge actually considered them multiplicious for sentencing. *Rinkes*, 53 M.J. at 741. But this was while the *Quiroz* case was on appeal to the Court of Appeals for the Armed Forces, and so the concept of unreasonable multiplication of charges was not available at the time of *Rinkes'* trial.

[13] *Campbell*, 71 M.J. at 25 (finding that the military judge did not abuse his discretion in merging three offenses into one for purposes of sentencing). *See also United States v. Parker*, No. 201400066, 2015 CCA LEXIS 9, at *14-16, unpublished op. (N-M. Ct. Crim. App. 22 Jan 2015) (upholding the military judge's decision at trial to merge sodomy and adultery offenses occurring with the same person at the same time while not merging similar offense with a separate person occurring over

Third, the charges misrepresent or exaggerate the appellant's criminality. The three disparate charges make it appear as though the appellant committed three wholly different *acts* on 1 December 2015—indecent exposure and two acts of sexual abuse of a child—which is not accurate. His one act was exposing his penis as he masturbated alongside the bus. This factor favors the appellant.

Fourth, the two charges, and three specifications, unreasonably increase the appellant's punitive exposure. In *Rinkes*, the appellant was at a special court-martial, where the jurisdictional maximum could have been adjudged for either offense. By contrast, the appellant faces 16 additional years of confinement (15 years for the second sexual abuse of a child specification and 1 year for the indecent exposure specification). For sentencing, the increased punishment misrepresents or exaggerates the appellant's criminality. This factor also favors the appellant.

Last, there is no evidence of prosecutorial overreaching or abuse in the drafting of the charges. This factor favors the government.

Applying the *Quiroz* factors, we find they favor merging for sentencing all three specifications—the sexual abuse of children in Charge I, Specifications 6 and 7, and the indecent exposure in Charge II, Specification 2. As we have merged the charges, we must now reassess the appellant's sentence.

## B. Sentence reassessment

Courts of Criminal Appeals (CCAs) can often "modify sentences 'more expeditiously, more intelligently, and more fairly' than a new court-martial[.]" *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013) (quoting *Jackson v. Taylor*, 353 U.S. 569, 580 (1957)). In such cases, CCAs "act with broad discretion when reassessing sentences." *Id.* Reassessing a sentence is only appropriate if we are able to reliably determine that, absent the error, the sentence would have been at least of a certain magnitude. *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000). A reassessed sentence must not only "be purged of prejudicial error [but] also must be appropriate

---

two separate time periods); *United States v. Jinetecabarcas*, No. 20130444, 2015 CCA LEXIS 122, at *17, unpublished op. (A. Ct. Crim. App. 27 Mar 2015), (finding that "[b]ecause [the] appellant's singular conduct . . . violated two orders that were essentially the same order issued by two different officials, the military judge appropriately merged these two specifications for sentencing purposes.") (citation and internal quotation marks omitted) (alteration in original); *Cf. United States v. Ryan*, No. S32150, 2014 CCA LEXIS 217, *2, *8-9, unpublished op. (A.F. Ct. Crim. App. 28 Mar 2014) (finding the military judge did not abuse his discretion in declining to merge specifications for drug possession and use, in part because the maximum punishment was limited by referral to special court-martial).

for the offense involved." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) (internal quotation marks omitted).

We base these determinations of appropriateness on the totality of the circumstances of each case, guided by the following "illustrative, but not dispositive, points of analysis":

(1) Whether there has been a dramatic change in the penalty landscape or exposure.

(2) Whether sentencing was by members or a military judge alone.

(3) Whether the nature of the remaining offenses captures the gravamen of criminal conduct included within the original offenses and whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses.

(4) Whether the remaining offenses are of the type with which appellate judges should have the experience and familiarity to reliably determine what sentence would have been imposed at trial.

*Winckelmann*, 73 M.J. at 15-16.

Under all the circumstances presented, we find that we can reassess the sentence and that it is appropriate for us to do so. First, there has not been a dramatic change in the penalty landscape. Our merger for sentencing of the three offenses reduced the maximum authorized confinement from 62 years to 46 years. Although 16 years is significantly less punitive exposure for the appellant, he was adjudged only 5 years' confinement. Therefore, this does not represent a dramatic change in the sentencing landscape.

Second, the appellant elected to be sentenced by a military judge, and we are more likely to be certain of what sentence the military judge, as opposed to members, would have imposed.

Third, the remaining offenses capture the gravamen of the criminal conduct included within the original offenses. They accurately encapsulate the appellant's sexual abuse of a 13-year-old girl on base on 30 November 2015, as well as the two successive days of masturbating in front of a group of students on a school bus. All of the significant and aggravating circumstances addressed at the court-martial by both sides remain admissible and relevant to the remaining offenses.

Last, the remaining offenses are of the type with which we have the experience and familiarity to reliably determine what sentence would have been imposed at trial. Taking these facts as a whole, we can confidently and reliably determine that, absent the errors, the military judge would have sentenced the appellant to at least five years' confinement, reduction to pay grade E-1, forfeiture of all pay and allowances, and a dishonorable discharge.

We also conclude that the adjudged sentence is an appropriate punishment for the modified offenses and this offender—thus satisfying the *Sales* requirement that the reassessed sentence be not only purged of error, but also appropriate. 22 M.J. at 308.

### III. CONCLUSION

The findings and the sentence are affirmed.

Senior Judge MARKS and Senior Judge HUTCHISON concur.

For the Court



R.H. TROIDL
Clerk of Court